BENSON *v.* TILTON & *a.*

In a settlement of partnership accounts, an agreement by one partner to take the partnership chattels and call the accounts square, and give up a note and mortgage against third persons which had been contributed by the other partner, if accepted by such third persons, operates to pay the note and discharge the mortgage, and cannot be rescinded without the consent of the mortgagors.

WRIT OF ENTRY, on a mortgage. This is the same case reported in 54 N. H. 174. The jury found the note and mortgage were paid and discharged by agreement of the plaintiff and the defendants, and that that agreement was not afterwards abandoned and rescinded by the plaintiff and Mary E. Tilton. The plaintiff offered to settle the partnership accounts with his former partner, Horace, by retaining the chattels, calling their accounts square, and giving up the note and mortgage. The plaintiff excepted to evidence of the communication

of this offer to the defendants, its acceptance by them, and the promise of the plaintiff to give them the note and mortgage. The plaintiff also excepted to the refusal of the court to charge the jury, that if the plaintiff refused to give up the papers the agreement was rescinded; that the plaintiff was at liberty to rescind the agreement at any time before the delivery of the papers; that if Horace and the defendants elected, after the agreement, to open the settlement of the partnership accounts with the plaintiff, that would be a waiver of the agreement. The court instructed the jury, that if both parties agreed and understood that the note and mortgage were paid and discharged by the settlement set up by the defendants, that would be the effect of such agreement and understanding, and it could not be rescinded except by the consent of both parties.

*Stickney* and *Hatch*, for the plaintiff.

*Marston*, for the defendants.

ALLEN, J. The acceptance of the plaintiff's offer by the defendants, and the plaintiff's knowledge of such acceptance, were necessary to the completion of the agreement, and the evidence objected to by the plaintiff tended to show such acceptance and knowledge, and was competent for that purpose.

The plaintiff and Horace could agree on a settlement, in which the former was to give up the note and mortgage to the defendants; and if such agreement was made, the defendants, who were the mortgagors, had the right, after acceptance, to insist upon it. The benefit which the plaintiff received from one part of the agreement, paid the note and discharged the mortgage as between him and the defendants, though not produced and given up; and the note and mortgage, once paid and discharged, could not be revived in favor of the plaintiff without the defendants' consent. *Bowman* v. *Manter*, 33 N. H. 530; *Furbush* v. *Goodwin*, 25 N. H. 425. Proceedings by Horace to open the settlement would not be a waiver of acquired rights by these defendants, who had never been partners, and his acts, without their authority, interference, or consent, would not bind them. Exceptions overruled.

*Judgment for the defendants.*

DOE, C. J., did not sit.